THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MARIA THERESA BOUCHER,

    Plaintiff,

v.                                                                   CV -09-J-1014-NE

CITY OF HUNTSVILLE, ALABAMA,
POLICE DEPARTMENT, OFFICER
BRADY, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant United States' motion for summary judgment (doc. 17)[1] and brief in support of said motion (doc. 17).  Plaintiff filed documents entitled "Objection to Any Summary Judgment" (doc. 21) and "Request for First Discovery to Commence and that No Summary Judgment be Made" (doc. 30) in response.  Defendant has filed a reply (doc. 32).

---

[1] Defendant's pending motion is a Motion to Dismiss, or, Alternatively, For Summary Judgment.  If matters outside the pleadings are accepted by the court on a motion to dismiss, the court "must convert the motion to dismiss into one for summary judgment." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006) (citing *Carter v. Stanton*, 405 U.S. 669, 671 (1972)); FED. R. CIV. P. 12(d).  Here, the court accepts the Declaration of Conny Beatty as evidence.  Therefore, the court treats said motion as a motion for summary judgment.

## I. Procedural Background

On May 22, 2009, plaintiff Boucher filed a complaint (doc. 1) against multiple defendants, including United States Postal Services Special Agents David Poarch and Russell Payne, and Manager of Labor Relations Diana Bennett (federal defendants), alleging constitutional and common law tort claims. On July 15, 2009, plaintiff filed an amended complaint (doc. 9). On July 30, 2009, the United States Attorney for the Northern District of Alabama moved to substitute, for purposes of the common law tort claims, the United States for the federal defendants pursuant to 28 C.F.R. § 15.4(a) and 28 U.S.C. § 2679(d)(1) (doc. 16). Said motion was granted on July 31, 2009 (doc. 18). Also on July 30, 2009, in addition to the motion pending before the court, the federal defendants filed a motion to dismiss, or alternatively for summary judgment, for the constitutional tort claims alleged against them (doc. 13).

## II. Factual Background

Plaintiff Boucher alleges defendant United States committed constitutional and common law torts against her in relation to her arrest on May 22, 2007 (Complaint, ¶¶ 6-8, 11; Amended Complaint, ¶¶ 5-6). On May 22, 2009, plaintiff filed suit against the federal defendants. As of July 7, 2009, no administrative tort claim had been filed with the Postal Service on plaintiff's behalf. (Declaration of

Conny Beatty, ¶¶ 3-4).

### III.  Standard of Review

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law.  *See* FED. R. CIV. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986).  An issue is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case.  It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The facts, and any reasonable inference therfrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970).  Once met by the moving party, however, the burden shifts to the nonmovant to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

A party opposing a properly submitted motion for summary judgment may

not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or merely colorable. *See* FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Spring/United Management Co.* 246 F.3d 1305, 1311 (11th Cir. 2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).

### IV.  Analysis

Viewing the facts in the light most favorable to the non-moving party, the court finds summary judgment should be granted in favor of defendant United States. The plaintiff has brought suit in federal court against the federal defendants. The Federal Tort Claims Act (FTCA) provides the sole and exclusive remedy for persons with common law torts claims actions brought against a

4

federal employee acting within the scope of his office or employment.  28 U.S.C. § 2679(b)(1).  The FTCA requires that before suit can be filed in federal district court, the claimant must first present the claim to the appropriate federal agency, and the claim must be denied by the agency or by operation of law.  28 U.S.C. § 2675(a); *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984); *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980 (1993).  This requirement is jurisdictional and cannot be waived.  *Lykins* 725 F.2d at 646.  A plaintiff's failure to first bring an administrative claim with the proper agency deprives a federal district court of subject matter jurisdiction over the suit.  *Id.; see McNeil,* 508 U.S. at 111-12.

Defendant presented evidence that plaintiff failed to exhaust her administrative remedies pursuant to 28 U.S.C. § 2675(a) before filing suit in district court.  Conny Beatty, an attorney for the United States Postal Services (USPS), states by declaration that she ran a search through a database that contains information regarding all administrative tort claims brought under the FTCA against the USPS for incidents occurring in Alabama.  The database contains no record of any tort claims brought by plaintiff.  (Declaration of Conny Beatty, ¶¶ 3-4). Neither of plaintiff's filings – the "Objection to Any Summary Judgment" and "Request for First Discovery to Commence and that No Summary Judgment be

Made" – refute defendant's evidence or present any evidence that she has complied with the FTCA's exhaustion requirement. Accordingly, defendant has successfully established that no genuine issue of material fact exists as to the FTCA claims, as this court lacks jurisdiction due to the plaintiff's failure to exhaust her administrative remedies.

## V. Conclusion

Having considered the foregoing, and finding that plaintiff has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial on her claims against defendant, and that defendant United States is entitled to judgment in its favor as a matter of law, it is **ORDERED** that the defendant United States' motion for summary judgment be and hereby is **GRANTED**.

It is therefore **ORDERED** that plaintiff's common law tort claims against the United States are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this 26th day of August 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE