FILED

2009 Aug-26  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**MARIA THERESA BOUCHER,**

>    **Plaintiff,**

**v.**                                                   **CV -09-J-1014-NE**

**CITY OF HUNTSVILLE, ALABAMA,**
**POLICE DEPARTMENT, OFFICER**
**BRADY,** *et al.,*

>    **Defendants.**

### <u>MEMORANDUM OPINION</u>

Pending before the court is defendants David Poarch, Russell Payne, and

Diana Bennett's  motion to dismiss, or alternatively, motion for summary

judgment (doc. 13).  These defendants filed a brief in support of said motion (doc.

14), in response to which plaintiff filed documents entitled "Objection to Any

Summary Judgment" (doc. 21) and "Request for First Discovery to Commence and

that No Summary Judgment Be Made" (doc. 30).  Federal defendants have filed a

response  (doc. 32).

### <u>PROCEDURAL BACKGROUND</u>

On May 22, 2009, plaintiff Boucher filed a complaint (doc. 1) against

multiple defendants, including United States Postal Services ("USPS") Office of

Inspector General ("OIG") Special Agents David Poarch and Russell Payne, and USPS Manager of Labor Relations Diana Bennett (collectively referred to as "federal defendants"), alleging constitutional and common law tort claims.  On July 15, 2009, plaintiff filed an amended complaint (doc. 9).

## FACTUAL BACKGROUND

Plaintiff Boucher alleges these federal defendants committed constitutional and common law torts against her in relation to her arrest on May 22, 2007 (Complaint, ¶¶ 6-8, 11; Amended Complaint, ¶¶ 5-6).  On May 22, 2009, plaintiff filed suit against the federal defendants.

In July 2006, information concerning possible drug use by certain employees at the Huntsville USPS Processing and Distribution Facility was given to the USPS OIG.  (Poarch Declaration, ¶ 2).  Between August 2006 and May 2007, Special Agent David Poarch conducted surveillance of a particular non-party to this action, an employee, who was alleged to be engaged in the drug activity.  (Poarch Declaration, ¶ 3).  During that time period, defendant Poarch observed, on several occasions, an employee leave the USPS facility and enter his car, sometimes alone and sometimes with others, for short periods of time before returning to work.  (Poarch Declaration, ¶ 3).

On May 22, 2007, Special Agent Russell Payne observed the employee

2

leave the postal facility in his vehicle and park on a street adjacent to the postal facility.  (Poarch Declaration, ¶ 4).  Payne contacted Poarch, who then contacted the Huntsville Police Department to report suspicious activity.  The Huntsville police investigated and ultimately arrested plaintiff, a passenger in the car, along with the drive of the car.  However, neither Poarch nor Payne took part in or were present at the arrest.  (Poarch Declaration, ¶¶ 4-5; Payne Declaration, ¶ 2).  Poarch attempted to interview plaintiff after she had been arrested and given a form that laid out her Miranda rights, which she had signed.  (Poarch Declaration, ¶ 6).  However, when plaintiff requested an attorney, the questioning immediately ceased.  (Poarch Declaration, ¶ 6; Payne Declaration, ¶ 3).

Sometime after plaintiff's arrest on May 22, 2007, plaintiff's direct supervisor contacted defendant Bennett, who held the position of Labor Relations Specialist at the time, and informed Bennet that she was recommending plaintiff's suspension pending the outcome of the criminal charges brought against her. (Bennett Declaration, ¶ 2).  Bennett conducted a review of the recommendation of suspension, approved it, and drafted the proposed notice of suspension.  (Bennett Declaration, ¶ 3).  Defendant Bennett was not involved in any surveillance of plaintiff, nor was she involved in or present at any search or arrest of plaintiff. (Bennet Declaration, ¶ 2).

Defendant Poarch denies by declaration ever working in collusion with, or withholding information from, anyone (Poarch Declaration, ¶ 8) as alleged in plaintiff's complaint.  In his declaration, defendant Poarch assumes plaintiff's allegation of collusion is in reference to the statement given by the owner of the car who was also arrested; Poarch denies that this statement was ever withheld from the plaintiff by him.  (Declaration, ¶ 8).

Based on the above facts, Plaintiff alleges federal defendants Poarch and Payne violated her Fourth Amendment rights (Complaint, ¶¶ 4, 7); "made several observations and intentionally declared suspicion when in fact there was no suspicious conduct" (Complaint, ¶ 6); and "had the plaintiff read a letter of maranda [sic] rights without a police officer present [and even though the] plaintiff requested an attorney, none was provided" (Complaint, ¶ 8).  Plaintiff claims federal defendant Poarch acted in collusion with Huntsville Police Officer Robert Brady and "withheld until June 23, 2009 a statement collect [sic] at the scene on the private road which clears me of any participation."  (Amended Complaint, ¶ 5).  Plaintiff claims federal defendant Diana Bennett "ignored USPS [l]egal instructions and jumped at the opportunity to inflict grievous harm to the plaintiff making her intentions clear by stating to union shop steward Dunavan that she was going to fire the plaintiff no matter what the courts had to say."

(Complaint, ¶ 11).

## Standard of Law

Federal defendants have attached declarations to its motion to dismiss, which this court has considered in ruling on the pending motion. The plaintiff was given until August 14, 2009, to respond. Although she filed an "Objection to Any Summary Judgment" and a "Request for First Discovery to commence and that No Summary Judgment Be Made," she failed to provide sworn statements, affidavits, or other evidence to controvert the facts discussed above.

If matters outside the pleadings are accepted by the court on a motion to dismiss, the court "must convert the motion to dismiss into one for summary judgment." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006) (citing *Carter v. Stanton*, 405 U.S. 669, 671 (1972)); FED. R. CIV. P. 12(d). A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* FED. R. CIV. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986). An issue is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642,

646 (11th Cir. 1997).

The facts, and any reasonable inference therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the nonmovant to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

A party opposing a properly submitted motion for summary judgment *may not rest upon mere allegations or denials of his pleadings*, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990) (emphasis added). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or merely colorable. *See* FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The court must consider the evidence in the light most favorable to the

6

plaintiff and may not make credibility determinations nor weigh the parties'
evidence. *Frederick v. Spring/United Management Co.* 246 F.3d 1305, 1311 (11th
Cir. 2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.
2000).

## ANALYSIS

The only evidence provided to this court that may be relied on for summary
judgment are Poarch and Payne's declarations.  While plaintiff's complaint,
amended complaint, and Request for First Discovery to Commence and that No
Summary Judgment Be Made all contain factual allegations, these statements are
unsworn and therefore inappropriate for consideration in a summary judgment.
*See* FED. R. CIV. P. 56(e)(2) (stating that an opposing party to a motion for
summary judgment "may not rely merely on allegations or denials in its own
pleading; rather its response must–by affidavits or as otherwise provided in this
rule–set out specific facts showing a genuine issue for trial"); *Eberhardt v. Waters*,
901 F.2d 1578, 1580 (11th Cir. 1990)*; Gordon v. Watson*, 622 F.2d 120, 123 (5th
Cir. 1980 (citing  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598,
1609 (1970); *Piper v. United States*, 392 F.2d 462, 463 (5th Cir. 1968); *Jones v.
Menard*, 559 F.2d 1282, 1285 n.5 (5th Cir. 1977) (stating the court may not
consider an unsworn statement "in determining the propriety of summary

7

judgment, but had the statement been sworn, it would have raised a genuine issue of material fact)); *Van T. Junkins & Assc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984) (citations omitted).  Additionally, plaintiff failed to provide an affidavit stating she could not "present facts essential to justify [her] opposition pursuant to Rule 56(f), FED. R. CIV. P.

*Pro se* plaintiffs receive the benefit of relaxed pleading rules.  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976); *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991) (citing *Byrd v. Stewart*, 811 F.2d 554, 555 (11th Cir. 1987)).  However, a court may not "serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Simply put, *pro se* plaintiffs may be given the benefit of the doubt, but they must nevertheless abide by the federal rules.

As such, the only facts that are presented to the court fail to raise a genuine issue of material fact.  First, with respect to the plaintiff's Fourth Amendment claim, viewing the facts in the light most favorable to the plaintiff, the only evidence before the court shows that defendants Poarch and Payne were not present at the scene of and did not participate in the arrest and search of the vehicle.  (Poarch Declaration, ¶¶ 4-5; Payne Declaration, ¶ 2).  Second, plaintiff's

*Miranda* claim also fails, as the sole evidence before the court shows she was properly Mirandized and questioning stopped upon her request for an attorney. (Poarch Declaration, ¶ 6; Payne Declaration, ¶ 3).  Third, although it is unclear what claims for relief plaintiff asserts by stating that defendant Poarch colluded against her, defendant Poarch denies by sworn statement that he ever colluded against or withheld information from plaintiff.  (Poarch Declaration, ¶ 8).  Thus, all of the evidence available to the court directly refutes the plaintiff's claims.

Finally, Plaintiff alleges in her complaint that Bennett "ignored USPS instructions," caused "grievous harm," and said that she would fire plaintiff regardless of the outcome of the criminal charges.  Defendant Bennett states by declaration that she reviewed the proposed suspension of the plaintiff and wrote the notice of suspension and had nothing to do with plaintiff's arrest.  (Bennett Declaration, ¶ 2).  Under these circumstances, the court can discern no genuine issue of material fact.[1]

_____

[1]As best as this court can discern, plaintiff's claim would amount to a state outrage claim, which, at this stage, would be barred in this court for failing to meet the Federal Tort Claims Act's requirement that plaintiff exhaust administrative remedies before seeking relief in federal court.  *See* 28 U.S.C. §§ 2675(a), 2679(b)(1); *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984); *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980 (1993).  Morever, as noted in defendant Bennett's brief, any employment-related claim plaintiff means to bring would be barred by the principles expounded upon in *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404 (1983), which held that due to the comprehensive remedies provided to employees under the Civil Service Reform Act (CSRA), the courts

## V. Conclusion

Having considered the foregoing, and finding that plaintiff has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial on her claims against federal defendants Poarch, Payne, and Bennett, and that federal defendants are entitled to judgment in their favor as a matter of law, it is **ORDERED** that the federal defendants motion for summary judgment be and hereby is **GRANTED**.  The court shall enter a separate order.

**DONE** and **ORDERED** this 26th day of August 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

cannot vindicate the employee-plaintiff's constitutional rights by offering an additional judicial remedy not already provided in the statute.  *See* Postal Reorganization Act, 39 U.S.C. § 1005(a) (adopting the remedial scheme in the CSRA as the means for USPS employees to exercise their rights with respect to adverse employment actions).