THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**MARIA THERESA BOUCHER,**

    **Plaintiff,**

**v.**                                                                 **CV -09-J-1014-NE**

**CITY OF HUNTSVILLE, ALABAMA,
POLICE DEPARTMENT, OFFICER
BRADY,** *et al.,*

    **Defendants.**

## MEMORANDUM OPINION

    Pending before the court are defendants Robert Brady and Jonathan Ware's motions for summary judgment (docs. 56-57), a brief in support (doc. 58), evidentiary material (doc. 59), and plaintiff's "motion to not render summary judgment" (doc. 64), which this court construes as a response to said defendant's motions.

## Factual Background

    Plaintiff Maria Boucher's complaint and amendment thereto are not models of clarity, but the court reads those filings as alleging violations of her Fourth and Fourteenth Amendment rights against unlawful search and seizure during her arrest on May 22, 2007. On that day, United States Postal Service ("USPS")

Special Agent David Poarch called Officer Brady concerning several complaints about possible drug use of two USPS employees during their lunch breaks near the USPS's facility at 3407 Wall Triana Highway, Huntsville, Alabama.  Preliminary Hearing Transcript at 5, 7, Ex. R (doc. 59-18).  Officer Brady told Special Agent Poarch that he would go to the area to look for suspicious activity, and Brady was told the suspected drug users may be in a white Mitsubishi Eclipse.  Preliminary Hearing Transcript, at 5.  Officer Ware assisted Officer Brady, and the two officers arrived at the USPS facility between 5:35 and 5:45 A.M.   Preliminary Hearing Transcript, at 4-5.

    Officer Brady noticed the white Mitsubishi Eclipse, in which he observed two individuals, the one in the passenger seat being the plaintiff, illegally parked on the wrong side of the road.  Preliminary Hearing Transcript, at 5, 16-17.  As Officer Brady approached, he smelled a strong odor of marijuana coming from the vehicle, which had its windows down.  Preliminary Hearing Transcript, at 21.  The two occupants of the vehicle were slouched down in their seats and moving frantically, and Officer Brady saw the driver, Bruce Black, stuff something into the center console of the vehicle.  Preliminary Hearing Transcript, at 5, 18-19; Incident Report, Ex. G (doc. 59-7); Suppression Hearing Transcript, at 9-10 (doc. 59-19).

Both Black and Boucher were removed from the vehicle by the two officers, Suppression Hearing Transcript, at 9, 11, and then Officer Brady asked for and received consent from Black to search his vehicle. Preliminary Hearing Transcript, at 29-30; Suppression Hearing Transcript, at 10. Inside the vehicle, Officer Brady found marijuana in the center console. Suppression Hearing, at 10; Preliminary Hearing Transcript, at 6-7, 31. At that time, Officer Brady decided the vehicle would be impounded, so he conducted an inventory search of the vehicle. Suppression Hearing, at 21. In a plastic bag on the passenger side of the vehicle, which Boucher claimed was hers, Officer Brady saw in plain view a pill bottle that was labeled with Black's name. The bottle contained cocaine. Preliminary Hearing, at 33; Suppression Hearing, at 10, 12, 16. The plaintiff was charged with possession of cocaine and possession of marijuana in the second degree. Alabama Uniform Incident/Offense Report, Ex. G (doc. 59-7).

On June 27, 2007, during a preliminary hearing, a judge determined there was probable cause to arrest Boucher for possession of cocaine. Preliminary Hearing Transcript, at 34. On January 7, 2009, the plaintiff filed a motion to suppress in the Circuit Court of Madison County, Alabama. The motion sought to suppress all evidence that would be presented against her in trial on the grounds that her property was searched without probable cause and she was arrested

without probable cause.  Motion to Suppress (doc. 59-28).  That court found probable cause to search and arrest the plaintiff, and denied the motion. Suppression Hearing, at 30.  The plaintiff was then tried and convicted of possession of cocaine on December 16, 2009, a decision that was affirmed on appeal to the Court of Criminal Appeals on July 16, 2010.  Verdict Form, Ex. Y (doc. 59-31); Case Action Summary, Ex. X (doc. 59-30); *Boucher v. Alabama*, Case No. CR-09-0560, CC-08-5497 (unpublished opinion) (attached for reference).  The Criminal Court of Appeals specifically found that "the trial court properly denied Boucher's motion to suppress" both on procedural grounds and on the merits.  *Boucher v. Alabama*, at 5-8.

## Legal Standard

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law.  *See* FED. R. CIV. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986). The facts, and any reasonable inference therfrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970).  Once met by the moving party, however, the burden shifts to the nonmovant to come forward with evidence

to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990).

## Analysis

"Because the federal full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment emerged would do so, we must look to the operation of the state's law of collateral estoppel." *Farred v. Hicks*, 915 F.2d 1530, 1533 (11th Cir. 1990) (citing *Webb v. Ethridge*, 849 F.2d 546, 549 (11th Cir. 1988)) (quotations omitted). Under Alabama law, the doctrine of collateral estoppel bars the relitigation of issues already resolved "where (1) the issue and the parties in the second case are the same as the issue and the parties in the first case; (2) the issue was 'actually litigated in prior action'; and (3) the 'resolution of the issue was necessary to the prior judgment.'" *Leon C. Baker, P.C. v. Merrill Lynch*, 821 So.2d 158, 162-163 (Ala. 2001) (citing *Wheeler v. First Alabama Bank*

*of Birmingham*, 364 So.2d 1190, 1199 (Ala. 1978)). "While the issue preclusion aspect of *res judicata* does not require complete identity of parties, it does require that the party against whom *res judicata* is asserted either was a party or was in privity with a party to the prior action. . . ." *McCorkle v. McElwey*, 576 So.2d 202, 205 (Ala. 1991). "The test for determining if two parties are in privity focuses on identity of interest." *Dairyland Ins. Co. v. Jackson*, 566 So.2d 723, 726 (Ala. 1990) (noting that the Alabama Supreme Court's "reliance on the identity-of-interest test for determining the existence of privity extends at least as far back as 1853").

The determinative issue in this case is whether Officers Brady and Ware acted in a constitutional manner in searching the plaintiff's property and arresting her. "An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest," *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003), and a search does not violate the Fourth Amendment when the officer was given consent to perform the search. *United States v. Magluta*, 418 F.3d 1166, 1182 (11th Cir. 2005). Moreover, "[i]nventory searches of an arrestee's personal property are a 'well-defined exception' to the Fourth Amendment's warrant requirement." *U.S. v. Brenton-Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010).

These issues were already the subject of the prior suppression hearing and

trial in the Circuit Court of Madison County, Alabama.  During that hearing, Judge Petro found probable cause to search Black's vehicle, which led to the discovery of the marijuana.  This gave the officers probable cause to arrest the plaintiff and inventory the contents of the vehicle, which led to the discovery of the cocaine.  Suppression Hearing, at 28-30.  The Criminal Court of Appeals affirmed the denial of the motion to suppress and the plaintiff's conviction.  Thus, if collateral estoppel applies in this case, Boucher is barred from relitigating these issues in this court and the state court decision is given preclusive effect.

Maria Boucher, the party against whom collateral estoppel is being asserted, was a party in the prior litigation.[1]  On May 11, 2009, Judge Petro held a hearing on Boucher's motion to suppress in which Boucher was represnted by Mark A. Dutton, attorney at law, and the state was represented by Donald Ned Rizzardi, attorney at law.  The resolution of this issue, a denial of Boucher's motion to suppress, was necessary for her criminal case to proceed to trial and judgment, as any evidentiary hearing must be resolved before parties can present evidence to a fact-finder in trying their case.  *See e.g.*, *Hires v. City of St. Petersburg*, 2008 WL

---

[1] Although this in itself is sufficient to fulfill the "same parties" requirement under *McCorkle*, the court notes that Officers Brady and Ware have no interests in this action separate from the State's interest in the prior suit, making their identity of interest sufficient to find them in privity with the State from the first action.

2042514, at *5 (M.D. Fla. May 12, 2008) ("United States District Judge William Castagna's findings in his order denying Hires' motion to suppress the evidence were necessary for Hires' criminal case to proceed to trial and judgment. The parties were fully heard at the hearing on the motion to suppress; the court supported its decision with a reasoned opinion; and the decision was subject to appeal. Hires is currently appealing the judgment and conviction in his criminal case. . . . Therefore, Hires is collaterally estopped from relitigating his claim that Officer Lord did not have probable cause to stop and arrest him on the night of March 14, 2006 in his present 42 U.S.C. § 1983 complaint."). Accordingly, the court finds that all of the elements of collateral estoppel are met in this case, and the state court's decision is given preclusive effect.

Boucher is therefore collaterally estopped from relitigating the established fact that the defendants had probable cause to arrest her and perform a valid inventory search of Black's vehicle, which includes a valid search of Boucher's lunch bag and the cocaine within it. Because her 42 U.S.C. § 1983 claims are premised on an unconstitutional arrest and search of her property, her claims fail as a matter of law.

## Conclusion

Having considered the foregoing and being of the opinion that no genuine

issues of material fact sufficient to allow this case to proceed to trial exist, the court **ORDERS** that defendant Robert Brady's motion for summary judgment and defendant Jonathan Ware's motion for summary judgment are **GRANTED**, and all claims by plaintiff Boucher against defendants Brady and Ware are **DISMISSED** with prejudice.  The court shall so rule by separate order.

**DONE** and **ORDERED**, this the 29th day of July 2010.

*[signature]*

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE